UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PAULINE G. GREENE                    :
                                     :
VS.                                  :        NO. 3:03CV00526(WWE)
                                     :
UNIVERSITY OF CONNECTICUT            :
HEALTH CARE CENTER,                  :
CONNECTICUT DEPARTMENT               :
OF CORRECTIONS                       :        DECEMBER 5, 2004

### BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

The plaintiff is a black African-American female employed by the

defendant as a nurse.  She suffered job-related injuries.  After recuperation, she

attempted to return to work.  She was prevented from doing so on the ground

that she required minor accommodations, *e.g.*, a cane.  White co-workers in the

same field, similarly situated to her, were permitted to return to work with

comparable minor accommodations.  These events occurred against a

background of constant racial harassment on the job from virtually her first day.[1]

The plaintiff brought this action, after obtaining a "right to sue letter" from

the United States Equal Employment Opportunity Commission, pursuant to Title

---

[1]  The facts are set forth in greater detail in the plaintiff's Local Rule 56
     Statement, submitted herewith along with supporting evidence.

VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*  The defendant

has moved for summary judgment.  The defendant makes two arguments: (1)

that the plaintiff was not treated differently from other workers with respect to

being returned to work; and (2) that the plaintiff is judicially estopped from

arguing that she was capable of returning to work, since she applied for and

received workers' compensation and Social Security disability payments.

"The standards governing summary judgment are well-settled.  Summary

judgment is appropriate only 'if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits..., show that

there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law.'  Fed. R. Civ. P. 56(c); *see also* Celotex

Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The party seeking summary

judgment has the burden to demonstrate that no genuine issue of material fact

exists.

"In determining whether a genuine issue of material fact exists, a court

must examine the evidence in the light most favorable to, and draw all inferences

in favor of, the non-movant....Summary judgment is improper if there is any

evidence in the record that could reasonably support a jury's verdict for the non-

moving party."  Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285-86 (2d Cir.

2002).

When the moving party "'fail[s] to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, 'even if no opposing evidentiary matter is presented,' for the non-movant is not required to rebut an insufficient showing." Giannullo v. City of New York, 322 F.3d 139, 140-41 (2nd Cir. 2003), *quoting* Adickes v. S.H. Kress & Co., 398 U.S. 144, 158, 160 (1970). "[T]he moving party bears the ultimate burden of establishing its right to summary judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 982 (10th Cir. 2003).

When passing upon a motion for summary judgment, the court may not resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury. In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996). Rather, the court must resolve any ambiguities and draw all inferences against the moving party. Appleton v. Board of Education, 254 Conn. 205, 757 A.2d 1059 (2000); Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir. 1991). The evidence of the party against whom summary judgment is sought must be believed. Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994). The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the

3

motion unless no construction of the evidence could support judgment in the plaintiff's favor.  Appleton, supra; Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993); Union Pacific Corp. v. United States, 5 F.3d 523, 525 (Fed. Cir. 1993); Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105 (1994); D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980); Connell v. Colwell, 214 Conn. 242, 246-47 (1990).  "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper."  Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

     To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party.  So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied.  In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

     Even if the nonmoving party's evidence appears "implausible," the court may not "weigh" the evidence and must proceed with the greatest caution.  R. B. Ventures, Ltd. v. Shane, 112 F.3d 54, 58-59 (2d Cir. 1997).  "If reasonable minds

4

could differ as to the import of the evidence...and if...there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Id. at 59, quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988), and In re Japanese Elec Prods. Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983) (internal quotation marks omitted).

"A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997).  Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

"[T]he Second Circuit has cautioned that, in cases where motive, intent or state of mind are at issue, summary judgment should be used sparingly." Ruscoe v. Housing Authority of City of New Britain, 259 F. Supp. 2d 160, 166 (D. Conn. 2003) (Nevas, J.), citing Dister v. Continental Group, Inc., 859 F.2 1108, 1114 (2nd Cir. 1988).

"In an employment discrimination case, the plaintiff has the burden of

5

'proving by the preponderance of the evidence a prima facie case of discrimination.'" Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994), quoting Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).

"To make out a prima facie case, the plaintiff must show that:  (i) she is a member of a protected class; (ii) she was qualified for the position; (iii) the defendant took adverse action against her; and (iv) the adverse action occurred under circumstances giving rise to an inference of discrimination." Harper v. Metropolitan District Commission, 134 F. Supp. 2d 479, 483 (D. Conn. 2001) (Covello, C.J.).  *Cf.*, Farias v. Instructional Systems, Inc., 259 F.3d 91, 98 (2d Cir. 2001).

"To establish a prima facie case of disparate treatment, a plaintiff must show, *inter alia*, that she was subjected to adverse employment action, under circumstances giving rise to an inference of prohibited discrimination." Fitzgerald v. Henderson, 251 F.3d 345, 356 (2d Cir. 2001).

"The plaintiff's burden of establishing a prima facie case of employment discrimination is 'not onerous.' Burdine, 450 U.S. at 253.  Indeed, "[t]he nature of the plaintiff's burden of proof is de minimis." Harper v. Metropolitan District Commission, 134 F. Supp. 2d 470, 483 (D. Conn. 2001) (Covello, C.J.), citing Dister v. Continental Group, Inc., 859 F.2d 1108, 1114 (2d Cir. 1988).  "As we

6

have often emphasized, the burden of establishing this prima facie case in employment discrimination cases is 'minimal.'" McGuinness v. Lincoln Hall, 263 F.3d 49, 53 (2d Cir. 2001). Direct evidence is not necessary, and a plaintiff charging discrimination against an employer is usually constrained to rely on the cumulative weight of circumstantial evidence. See Rosen v. Thornburgh, 928 F.2d 528, 533 (2d Cir. 1991) ('An employer who discriminates is unlikely to leave a 'smoking gun,' such as a notation in an employee's personnel file, attesting to a discriminatory intent.')." Luciano v. Olsten Corp., 110 F.3d 210, 215 (2d Cir. 1997).

"[W]here a plaintiff seeks to make out her prima facie case by pointing to the disparate treatment of a purportedly similarly situated employee, the plaintiff must show that she shared sufficient employment characteristics with that comparator so that they could be considered similarly situated....In Shumway [v. United Parcel Service, Inc., 118 F.3d 60 (2d Cir. 1997)], we explained that such an employee 'must be similarly situated in all *material* respects' – not in *all* respects. 118 F.3d at 64 (emphasis added). A plaintiff is not obligated to show disparate treatment of an *identically* situated employee. To the contrary, Shumway holds that in those cases in which a plaintiff seeks to establish her minimal prima facie case by pointing to disparate treatment of a similarly situated employee, it is sufficient that the employee to whom the plaintiff points be

7

similarly situated in all material respects....In other words, where a plaintiff seeks to establish the minimal prima facie case by making reference to the disparate treatment of other employees, those employees must have a situation sufficiently similar to plaintiff's to support at least a minimal inference that the difference of treatment may be attributable to discrimination."  McGuinness v. Lincoln Hall, 263 F.3d 49, 53-54 (2d Cir. 2001).[2]

"[T]he prima facie case...includes a showing that the plaintiff was 'qualified' for the position."  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).   "To satisfy the second element of the test, [the plaintiff] need...only demonstrate that he 'possesses the basic skills necessary for performance of [the] job.'"  De La Cruz v. New York City Human Resources Administration Department of Social Services, 82 F.3d 16, 19 (2d Cir. 1996).  Citing Powell v. Syracuse University, 580 F.2d 1150, 1155 (2d Cir.), cert. denied, 439 U.S. 984 (1978); Owens v. New York City Housing Authority, 934 F.2d 405, 409 (2d Cir.), cert. denied, 502 U.S. 964 (1991).

In this case, the defendant agrees that the plaintiff is a member of a

---

[2]

The McGuinness court added in a footnote, at p. 54: "[B]ecause a Title VII plaintiff may establish a prima facie case of discrimination in a number of different ways depending on the specific facts of a given case, Shumway does not require that a plaintiff always be able to show disparate treatment of an otherwise similarly situated employee as a necessary prerequisite to a prima facie case under Title VII."

protected class and that she received adverse employment action, to wit, termination of her employment.  The necessary element of disparate treatment is established here by the plaintiff's evidence that she was ready, willing and able to return to work, needing only relatively minor physical accommodations, and that she was denied the option of doing so although similarly situated white workers were permitted to return with comparable accommodations.  Moreover, her evidence shows that when she attempted to return to work she was required to undergo rigorous and physically excruciating testing of a kind no white employee was ever required to endure.  Finally, her evidence shows that all of this took place against the background of a pattern of racially disparate treatment of the plaintiff by both co-workers and supervisors.

The defendant claims that the plaintiff in fact was not able to return to work, thus distinguishing her from the white comparators, and points in support of this to the fact that the plaintiff applied for and received both workers' compensation benefits and Social Security disability benefits.  The plaintiff has responded by testifying that she applied for these benefits only because the defendant refused to let her return to work.  Thus, in her view, if the State of Connecticut claimed she was physically unfit to work, then she was entitled to compensation for that.

Moreover, the tests for receiving these benefits are not the same as the

9

tests for working.  The law is clear that the fact an employee has applied for disability benefits does not judicially estop that employee from claiming that she is capable of working.  "The Supreme Court has held that Congress, in enacting Title VII, generally intended to eliminate the binding effect of prior administrative findings and provide a *de novo* trial on Title VII claims.  *See* University of Tennessee v. Elliott, 478 U.S. 788, 795 (1986).  The only exception to this rule is where an administrative finding is challenged and decided in state court resulting in a state court judgment on the same claim or issue."  Raniola v. Bratton, 243 F.3d 610, 623-24 (2d Cir. 2001).  *Cf., e.g.,* DeCintio v. Westchester County Med. Ctr., 821 F.2d 111, 114-15 (2nd Cir. 1987); Roth v. Koppers Indus, Inc., 993 F.2d 1058, 1060-63 (3rd Cir. 1993); Rao v. County of Fairfax, Va., 108 F.3d 42, 45 (4th Cir. 1997); Duggan v. Board of Education, 818 F.2d 1291, 1293-95 (7th Cir. 1987); Abramson v. Council Bluffs Community School Dist., 808 F.2d 1307, 1308-09 (8th Cir. 1987); McInnes v. California, 943 F.2d 1088, 1093-94 (9th Cir. 1991).

Thus, both of the defendant's arguments necessarily fail at the summary judgment stage.  The motion for summary judgment must be denied.

Respectfully submitted:

_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street, Suite 409
New Haven, CT 06510
203.562.9931
FAX: 203.776.9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney


CERTIFICATION OF SERVICE


On the date above stated, a copy hereof was mailed to Attorney Jane B. Emons,
Assistant Attorney General, P.O. Box 120, Hartford, CT 06141-0120.


_____
JOHN R. WILLIAMS

11