UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAULINE G. GREENE | : | CIVIL NO. 03CV526(WWE) |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT | : | |
| HEALTH CARE CENTER, | : | |
| CONNECTICUT | : | |
| DEPARTMENT OF CORRECTIONS | : | DECEMBER 14, 2004 |

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant in the above-entitled matter replies to Plaintiff's untimely Brief in Opposition to Defendant's Motion for Summary Judgment dated December 5, 2004. As further set forth below, Plaintiff's untimely Brief and Local Rule 56(a)2 Statement fail to raise a single genuine issue of material fact based on evidence that would be admissible at trial. Moreover, plaintiff has failed to dispute Defendant's legal arguments as to each cause of action alleged in the Complaint. Accordingly, Defendant is entitled to the entry of judgment as a matter of law.

**I.   ARGUMENT**

Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). It is the nonmovant's burden on summary judgment to submit **evidentiary support** establishing that a rational trier of fact could find in their favor and to raise genuine issues of material fact that require a trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Once a movant has demonstrated that no material facts are in dispute, the non-movant must set forth **specific facts** indicating a genuine issue for trial exists in order to

avoid the granting of summary judgment." Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (1996) citations omitted)(emphasis added).

Any inferences drawn in favor of the plaintiff must be supported by evidence. Silberberg v. Lynberg, 186 F. Supp. 2d 157, 165 (D. Conn. Feb. 20, 2002)(Thompson, J.). To survive a motion for summary judgment, the non-moving party may not simply rest on the pleadings or conclusory or speculative accusations or arguments, but must submit, ***specific, concrete*** evidentiary support for any claims that a material issue of fact exists requiring trial. Alteri v. General Motors Corp., 919 F. Supp. 92, 94-95 (N.D.N.Y. 1996), aff'd, 116 F.3d 465 (2d Cir. 1997) (internal quotations omitted)(emphasis added). Here, plaintiff fails to meet this burden as to any of the counts of her Complaint.

In large part, the only documentation plaintiff provides in his Opposition papers to defeat summary judgment are copies of plaintiff's deposition and interrogatory responses consisting of inadmissible, conclusory and self-serving accusations which cannot provide the basis for a genuine issue of material fact.[1] Finally, plaintiffs have failed to refute Defendant's legal arguments or evidence.[2] Accordingly, as set forth more fully below and in Defendant's

---

[1] Plaintiff has provided only three exhibits consisting only of deposition transcript or interrogatory responses. Not one of these documents provides any evidence whatsoever that points to racial bias on the part of the defendant.

[2] Defendant requests that Plaintiff's Local Rule 56(a)2 Statement be disregarded, that the facts set forth in Defendant's Local Rule 56(a)1 Statement be deemed admitted as provided by the Rule and that summary judgment be granted for Plaintiff's failure to submit any triable issue of material fact. Rule 56(a)3 requires that each statement of material fact in a Local Rule 56(a) Statement "by movant or opponent must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." Id. Plaintiff relies solely on her deposition testimony and responses to interrogatories which simply set forth more detailed and unsupported allegations, hearsay and self serving statements. Plaintiff fails to submit any ***admissible*** documentary evidence to support Plaintiff's allegations. See Rule 801, Federal Rules of Evidence; Lichtman & Sons v. Dollar Steamship Line, 13 F.

Memorandum in Support of Motion for Summary Judgment, even when the pleadings and evidence are viewed in a light most favorable to the plaintiff, summary judgment is warranted in favor of the defendant as to all counts of plaintiff's Complaint.

>   A.   **The Plaintiff Has Failed To Establish A Prima Facie Case Of Race And/Or Gender Discrimination.  She Has Failed To Produce Evidence of Circumstances Giving Rise To An Inference of Discrimination.**

It is clear that the plaintiff has offered no meaningful documentary or testamentary facts to counter defendant's overwhelming evidence that she was not treated differently from other similarly situated employees.  The evidence is overwhelming that plaintiff, despite her grandiose claims to the contrary, never made herself available to return to work after her July, 1998 injury.

Despite being given a 100% clearance by Dr. Selden in 1999, and despite her attorney letters to the contrary, neither plaintiff nor her attorney responded to AAG Jane Comerford's letter (Defendant's Exh. 3) made herself available for work, or provided documentary evidence that she was able to work without physical restrictions.  (Defendant's Exhibits 28, 29, 30, 31). Plaintiff's responses to Defendant's Claims of Fact ¶¶ 38, 39 and her Statement of Material Fact ¶ 20 are simply ridiculous given the defendant's exhibits that demonstrate otherwise.

Similarly, plaintiff's responses to ¶¶ 76-86 are equally unavailing.  Jessica Van Alstyne, formerly Jessica Billerman, communicated with plaintiff regularly.  (Defendant's Exhibits 39, 40, 41, 42, 43).  Having offered no evidence to counter defendant's material facts not in dispute, plaintiff's responses are either non-existent or she misread defendant's exhibits.  It is clear in reading Defendant's Exhibit 54, in conjunction with defendant's exhibits 52A, 52B, 52C, 52D

---

Supp. 717, 719 (E.D.N.Y. 1936) aff'd, 91 F.2d 1015 (C.C.A.2 1937)(holding that hearsay in interrogatory responses is inadmissible); <u>see also</u> <u>Futoma v. City of Hartford</u>, 208 F.3d 202 (2d Cir. 2000)(granting summary judgment for failure to comply with Local Rule 9(c).

and 55, that every individual named by plaintiff in her facts ¶¶ 23 through 33 was either released to work without restriction or was not allowed to return to the correctional facilities unless allowed to work without medical restriction.  Moreover, a review of all of the exhibits' reveals that women and men were similarly not allowed to work unless released to work without restriction.  In short, plaintiff has not produced a scintilla of credible evidence to demonstrate that she was available for work without restriction and/or that she was treated differently than anyone else.

> **B.    Plaintiff Has Failed To Raise Any Issue of Material Fact to Refute Defendants Motion for Summary Judgment Based On Retaliation.**

The plaintiff has not addressed the argument of retaliation in his brief.  She, therefore, has not raised a genuine issue of fact for trial.  Based upon the aforementioned discussion about failure to establish a Prima Facie case and failure to produce evidence of discrimination, and in reliance upon Defendant's Memorandum in Support of Summary Judgment, defendant requests that the court dismiss her retaliation claim.

> **C.    Plaintiff Has Failed To Raise Any Issue Of Material Fact To Refute Defendant's Motion For Summary Judgment Based Upon Estoppel.**

The plaintiff has offered no factual evidence or credible legal argument to counter defendant's argument that she should be judicially estopped from pursuing her Title VII claim.

To the contrary, the plaintiff objected to the filing of the "Form 36" in 1999 wherein the worker's compensation carrier sought to discontinue benefits. (Defendant's Exhibits 29, 30) Plaintiff's attorney, in August 2000, filed in a pleading to the Workers' Compensation Commission that plaintiff was "totally incapacitated" and not able to go to work. (Defendant's Exhibit 24)  At all times between July 1998 and May 2002, plaintiff received worker's compensation payments and she and her attorneys have consistently maintained that she was

4

entitled to receive worker's compensation benefits.  (Defendant's Exhibit 2, p. 60, Exhibit 9 pp. 60-62, 186, 202-03)  From July 1998 through 2003 plaintiff received Social Security Disability benefits.  She never notified Social Security or worker's compensation that she was able to work at her own job much less any other job.  (Defendant's Exhibits 49, 50, Exhibit 9, pp. 123-25, 187-89.)  Since July 1998 plaintiff never worked or sought other non-hazardous duty employment because she was "too medically distraught."  (Defendant's Exhibit 9, p. 182).

Plaintiff indicates in her brief at page 9 that "the plaintiff has responded by testifying that she applied for these benefits only because the defendant refused to let her return to work."  This assertion is disingenuous, if not preposterous, in view of the plaintiff's workers compensation history and in view of her admission that she began receiving Social Security in 1994, some four years before her 1998 injury.  (Defendant's facts and plaintiff's response ¶ 63).

Again, the defendant submits that plaintiff's contrary positions at this forum, at the workers compensation forum, at Social Security, and in her applications for both disability insurance and retirement, are irreconcilably inconsistent.  See, Detz v. Grener Industries, Inc, 346 F.3d 109, 114-15, 121 (3d Cir. 2003).

> D. **The Plaintiff Has Failed To Challenge Defendant's Material Facts Regarding Administrative Grievances And Hearings.**

The plaintiff has challenged defendant's material facts ¶¶ 45 and 58, which address the administrative grievance process.  Her grounds are misplaced in that both facts and supporting documents were offered to present this Court with the procedural history of plaintiff's underlying actions.

More importantly, in her response to defendant's material facts ¶¶ 47 and 49, plaintiff has either misunderstood or misrepresented her position.  It remains clear that Commissioner Walker's decision was **NOT** appealed.  That fact is memorialized in both Commissioner Mile's

5

decision and in the Worker's Compensation Commission's Opinion of September 28, 2004 on plaintiff's appeal. (Defendant's Exhibit 51). The Williams Law Office filed an untimely appeal of the Opinion of the Compensation Review Board. (Exh. A). The decision on **that** appeal has not been issued. It is submitted however that the underlying opinion of the Compensation Review Board is probative as to both the issue of discriminatory intent of the defendant and the credibility of the plaintiff. Cf. Collins v. N.Y. City transit Auth., 305 F.3d 113, 119 (2d Cir. 2002).

## II. CONCLSUION

For all of the foregoing reasons, the defendant respectfully submits that there is no genuine dispute as to all the material facts and that it is entitled to summary judgment as a matter of law on all counts of the plaintiff's complaint.

                                                DEFENDANTS,

                                                UNIVERSITY OF CONNECTICUT
                                                HEALTH CENTER, CONNECTICUT
                                                DEPARTMENT OF CORRECTION

                                                RICHARD BLUMENTHAL
                                                ATTORNEY GENERAL

BY:     _____
            Jane B. Emons
            Assistant Attorney General
            Federal Bar No. 16515
            55 Elm Street - P.O. Box 120
            Hartford, CT  06141-0120
            Tel: (860) 808-5340
            Fax: (860) 808-5383
            Email:  jane.emons@po.state.ct.us

**CERTIFICATION**

      I hereby certify that a copy of the foregoing Defendant's Reply Memorandum of Law In Support of Motion for Summary Judgment was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 14th day of December, 2004, first class postage prepaid to:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

_____
Jane B. Emons
Assistant Attorney General