**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PAULINE G. GREENE, | : | CIVIL ACTION NO. |
|    *Plaintiff* | : | 3:03CV0526(WWE) |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT | : | |
| HEALTH CENTER, | | |
|    *Defendant* | : | July 22, 2005 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR ATTORNEY'S FEES**

I.    BACKGROUND FACTS

Plaintiff was hired by the Department of Correction ("DOC") as a Correctional Nurse in 1989. Plaintiff's position was subject to the policy that an employee is not allowed to return to duty after an illness or injury in an area of inmate contact if the employee is unable to perform the essential functions of the position, or if the employee has physical restrictions.

In June 1990, plaintiff filed a worker's compensation report claiming that she was injured while running with a stretcher. As a result of this injury, the plaintiff did not return to work for 4½ years due to physical restrictions. The plaintiff returned to work without any physical restrictions on May 22, 1995. In November 1997, the University of Connecticut Health Center ("UCHC") took over management of the DOC's medical program.

On June 17, 1998, plaintiff filed a report of injury with the Workers' Compensation Commission, claiming that she tumbled out of a chair and injured her neck, knee and shoulder. The plaintiff was examined and released to work full duty but on July 19, 1998, plaintiff left her position at work due to her injury. This was the last

day that the plaintiff worked in her position. The plaintiff received workers' compensation benefits from July 20, 1998 through May 2002 and during this period she represented to the Workers' Compensation Commission that "she was entitled to receive workers' compensation benefits."

On August 18, 2000, in response to the discontinuation of her workers' compensation benefits, the plaintiff filed an appeal with the commission in which she stated she was "currently totally incapacitated and cannot return to work even for light duty."

The plaintiff, unwilling to return to work but not without further weaponry, filed this frivolous matter claiming that UCHC discriminated against her by not allowing her to return to her position despite the many assertions she has made to the contrary in other forums that she was unable to return to work and that she was totally disabled. The plaintiff, since 1994 has received Social Security Disability payments. In order to receive Social Security Disability benefits, the plaintiff has acknowledged that she must represent that she is disabled. The plaintiff has never notified Social Security that she was able to return to work.

The state had to expend a considerable amount of time and resources to defend against these knowingly false and frivolous allegations. As set forth in their motion, defendant requests an award of $17,250.00 in attorney's fees. The request is based upon the expenditure of 69 hours by Assistant Attorney General Jane B. Emons since September, 2004, at the modest hourly rate of $250.00 per hour, as set forth in the accompanying affidavit.

      II.      DEFENDANTS ARE PREVAILING PARTIES, WHO SHOULD BE AWARDED ATTORNEY'S FEES UNDER THE FACTS OF THIS CASE.

Pursuant to 42 U.S.C. § 1988, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the cost incurred" in litigating a Title VII action. Where the prevailing party is a defendant, however, attorneys fees may be recovered under § 1988 "if the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Hughes v. Rowe, 449 U.S. 5, 14 (1980) citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). The heavier burden placed upon defendant serves to balance the policies in favor of encouraging private citizens to vindicate constitutional rights with those policies aimed at deterring frivolous or vexatious lawsuits. Christiansburg Garment Co., 434 U.S. at 422. In this case, the defendant clearly shoulder this heightened burden. The plaintiff allegations were patently false. An in-depth review of the plaintiff's file and numerous interviews with defendant's witnesses reveal an individual, who, despite her doctor shopping and claims to the contrary, was neither discriminated against nor available for work at any point in time following her injury of July 17, 1998. Attorney's fees should be awarded to defray the state's expenses in defending this frivolous lawsuit. Plaintiff's counsel was cautioned in a letter dated September 9, 2004 that the defendant would seek attorney's fees if she continued to pursue this matter. As evidenced by the Court's June 15, 2005 ruling, the instant matter did not have a scintilla of evidence in support of her outrageous allegations.

3

    III.    REASONABLE HOURLY RATE AND EXPENDITURE OF TIME.

In <u>Blum v. Stenson</u>, 465 U.S. 886, 104 S. Ct. 1541 (1984), the Supreme Court made clear that fees awarded to publicly funded legal organizations should be based on prevailing market rates in the private sector without discount.  See also <u>Miele, et al. v. New York State Teamsters</u>, 831 F.2d 407, 409 (1987) (Recognizing that prevailing market rates are fully applicable to fee awards to non-profit organizations).

Reasonable hourly rates for the purposes of a fee award under § 1988 are to be measured by the "rates that are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." <u>Blum v. Stenson</u>, 465 U.S. at 895.  Defendant has submitted counsel's affidavit and has referenced court awards to support the claimed rate of $250.00 per hour. It is well-settled that the prevailing party is entitled to reasonable compensation for time expended in preparing and litigating the statutory fee application.  <u>Valley Disposal v. Central Vermont</u>, 71 F.3d 1053, 1060 (1996).

**<u>CONCLUSION</u>**

For all the foregoing reasons, the Defendant respectfully requests that its motion for attorney's fees be granted.

                                                DEFENDANT

                                        BY:_____
                                              Jane B. Emons
                                              Assistant Attorney General
                                              55 Elm Street, P. O. Box 120
                                              Hartford, CT 06141-0120
                                              Tel:  (860) 808-5340
                                              Fax:  (860) 808-5383
                                              E-Mail Address:
                                              Jane.Emons@po.state.ct.us
                                              Federal Bar No. ct16515

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing **Memorandum of Law in Support of Motion for Attorney's Fees** was mailed certified mail #_____, return receipt requested, postage prepaid this ____ day of July, 2005 to all counsel of record:

      John R. Williams, Esq.
      Williams & Associates, LLC
      51 Elm Street, Suite 409
      New Haven, CT  06510

                                              _____
                                              Jane B. Emons
                                              Assistant Attorney General