**UNITED STATES DISTRICT COURT
DISTRICT OF  CONNECTICUT**


PAULINE GREENE,                                      :        CIVIL ACTION NO.
    *Plaintiff*                                            :        3:03CV0526(WWE)

    v.                                                          :
                                                   :
UNIVERSITY OF CONNECTICUT               :
HEALTH CENTER                                      :
    *Defendant*                                          :        July 22, 2005

**AFFIDAVIT OF JANE B. EMONS IN SUPPORT
OF DEFENDANTS' MOTION FOR ATTORNEY FEES**

I, Jane B. Emons, being duly sworn, do hereby depose and say:

1.      I am over the age of eighteen and believe in the obligations of an oath.

2.      I received a Juris Doctor degree from Suffolk University in 1977 and was

admitted to practice before the Bar of the State of Connecticut in October 1977; before

the Bar of this Court in October 1977; and before the Second Circuit Court of Appeals in

June 1981.

3.      From July 1978  to September, 1988, I was a prosecutor for the State's

Attorney's Office.

4.      In June 1996, I became employed as an Assistant Attorney General for the

State of Connecticut.  I have worked for the Employment Rights Department of the

Attorney General's Office since it was formed in January, 2001.  From June, 1996, I

worked in the Public Safety Department of the Attorney General's Office primarily on

employment-related cases.

5.      Over the past nine (9) years, I have defended the state and state officials in a variety of civil rights/employment discrimination cases and appeals filed in federal court, as well as administrative complaints filed with the Connecticut Commission on Human Rights and Opportunities.  E.g., Maureen Allen v. John Armstrong, et al., 3:02CV1370(AHN/HBF); Mark Lauretano v. Henry Lee, et al., 3:99CV1077(DJS); Eunice Smith v. DOC, 3:03CV0386(AWT); Retinella Bramwell v. UConn Health Center, 3:00CV1934(SRU); Gregory Hogan v. State of Connecticut, Judicial Branch, 3:01CV0349JCH) and Hogan v. Judicial Branch, U.S. Court of Appeals for the Second Circuit, Docket No. 02-9095.

6.      It has been my experience that such employment litigation is primarily handled in this District by attorneys with special expertise in the area of employment law, which attorneys comprise the relevant legal community in the District of Connecticut for the purpose of determining prevailing market rates.

7.      In LaPointe v. Windsor Locks Board of Educ., 162 F. Supp. 2d 10 (D. Conn. March, 2001), this Court determined that Attorney Kathleen Eldergill of the "employment bar" was entitled to a reasonable hourly rate of $275.00.

8.      Sworn Affidavits indicate that in 1998, Attorney Jonathan L. Gould, a member of the "employment bar" was awarded attorney's fees by Judge Ellen B. Burns in Banks v. Travelers Insurance Cos., Civil Action No. 3:95CV00479 (EBB) in an age discrimination case.  In 1998, Judge Burns found Attorney Gould's reasonable hourly rate to be $275.00 per hour.

9.      In view of the above-mentioned court awards and other information concerning the prevailing rates in the community, my own claimed hourly rate of $250.00 per hour comports with the rates awarded lawyers of comparable skills and experience in this District. (See attached hereto affidavits of Kathleen Eldergill and Richard O'Connor).

10.      I have vigorously represented the defendants in this case since the inception of this action on March 25, 2003.

11.      On June 16, 2003, I filed a motion to dismiss (Doc. # 9) on behalf of the defendants Department of Correction and University of Connecticut Health Center with supporting memorandum (Doc. # 10) which was granted on October 22, 2003 (Doc. # 20).

12.      On or about May 17, 2005, a Joint Stipulation of Dismissal regarding defendant Department of Correction (Doc. # 32) was entered and said stipulation was ordered by the Court on June 2, 2005 (Doc. # 33).  On or about November 15, 2004 (Doc. # 27), I filed a motion for summary judgment on behalf of the defendant with a Statement of Undisputed Facts and supporting memorandum, which was granted on June 15, 2005 (Doc. # 35).  Judgment was entered on June 20, 2005 (Doc. # 36).

13.      I am only seeking attorney's fees from September of 2004 forward, because at that point in time plaintiff's counsel knew or should have known that plaintiff's' allegations were frivolous and yet, despite the assurance that attorney's fees would be sought, continued to pursue this frivolous matter. See copy of September 9, 2004 letter attached.

14.    My claimed time, as derived from my hand-written, contemporaneous

notes and calendars is as follows:

- September 29, 2004                                           5.0 hour
  Organize summary judgment material

- October 18, 2004
  Organize summary judgment documents                        3.0 hours
- October 19, 2004                                           3.0 hours
  Organize summary judgment documents

- October 22, 2004                                           4.0 hours
  Organize summary judgment documents

- October 24, 2004                                           2.0 hours
  Organize summary judgment documents

- October 26, 2004                                           2.0 hours
  Meeting at UConn Health Center to gather
  information on comparables

- October 27, 2004                                           3.0 hours
  Begin writing 56(a)1 Statement of
  Undisputed Facts

- October 28, 2004                                           5.0 hours
  Review, writing of 56(a)1 Statement
  of Undisputed Facts

- October 29, 2004                                           7.0 hours
  Continue review, revamping, 56(a)1
  Statement of Undisputed Facts

- November 1, 2004                                           2.0 hours
  Research, draft, review Memorandum of law
  in support of motion for summary judgment

- November 2, 2004                                           6.0 hours
  Writing, review of Memorandum
  of Law

- November 3, 2004                                           5.5 hours

4

Writing, review of Memorandum of Law

- November 4, 2004                                             3.0 hours
    Research, draft, review of Memorandum of Law

- November 5, 2004                                             6.0 hours
    Writing, review of Memorandum of Law

- November 8, 2004                                             2.0 hours
    Writing, review of Memorandum of Law

- November 9, 2004                                             1.5 hours
    Finalize motion, memorandum of law,
    exhibits in support of motion for summary
    judgment

- July 5, 2005                                                 2.0 hours
    Reviewed court's ruling on Summary
    Judgment. Reviewed motion for costs prepared
    by paralegal Leonard Auster

- July 6, 2005                                                 7.0 hours
    Research, reviewed draft affidavit, motion and
    supporting brief re: attorney's fees

**Total hours claimed:**                          **69 hours**

**69 hours x $250.00 =          $17,250.00**
**Total Attorney's fee claimed    $17,250.00**

**Payable to the**
**State of Connecticut**
**c/o Office of the Attorney General**

5

_____
Jane B. Emons
Assistant Attorney General


STATE OF CONNECTICUT   )
                                              )    ss. Hartford
COUNTY OF HARTFORD     )

  Subscribed and sworn to before me, the undersigned officer, this  day

of July, 2005.


_____

Notary Public/Commissioner of the
Superior Court

6

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Affidavit of Jane B. Emons in

Support of Defendant's Motion for Attorney's Fees was mailed Certified Mail #

_____, return receipt requested, postage prepaid this    day of

July, 2005 to all counsel of record:


      John R. Williams, Esq.
      Williams & Associates, LLC
      51 Elm Street, Suite 409
      New Haven, CT  06510


                                                  _____
                                                  Jane B. Emons
                                                  Assistant Attorney General