UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAULINE G. GREENE, | : | CIVIL ACTION NO. 3:03CV0526(WWE) |
| *Plaintiff* | : | |
| | : | |
| | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT | : | |
| HEALTH CENTER, | : | |
| *Defendant* | : | August 17, 2005 |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION FOR ATTORNEY'S FEES**

The defendant hereby replies to the plaintiff's brief in opposition to defendant's Motion for Attorney's Fees, dated August 11, 2005. First, the defendant notes that plaintiff's counsel has misunderstood the Court's findings by stating that the court earlier agreed "that the plaintiff did establish a prima facie case of discrimination" (Plaintiff Brief at page 10).

The Court, in issuing its ruling granting Summary Judgment on June 15, 2005 (Doc. # 35) never said that the plaintiff established evidence that supported her claim. Rather the court in its ruling stated, "For purposes of ruling on this motion, the Court **assumes** that plaintiff has satisfied the prima facie case. (Summary Judgment Ruling, page 7) (Emphasis added).

Additionally, the plaintiff throughout attempted to argue that she was treated differently than similarly situated individuals. The Court in its ruling found that the plaintiff's claims lacked merit. The Court, in fact, said, "In fact, the comparators indicate that the policy was applied consistently regardless of race or color. For example,

1

Catherine Genova, a white female, was released to light duty work but was not allowed to return to work with such restriction." (Ruling, page 9).

The plaintiff's opposition brief is further flawed inasmuch as pages 3 through 10 are nothing more than plaintiff's counsel's simple recapitulation of plaintiff's argument as initially pled in her complaint, as stated by plaintiff at her deposition, and as put forth in her Local Rule 56 Statement. Those arguments have been wholly rejected by the Court in its Summary Judgment ruling. Plaintiff's improper attempt to re-litigate her case that has already been decided by the Court is reflective of her actions throughout. See, Amnesty America v. Town of West Hartford, 361 F.3d 113, 132-33 (2d Cir. 2004).

Lastly, Plaintiff's argument that the defendant "waited" a year and a half prior to filing summary judgment is meritless. Plaintiff filed her complaint on or about March 25, 2003. The undersigned filed her appearance on April 21, 2003 (Doc. # 5) and immediately filed a motion to dismiss on or about June 16, 2003 (Doc. # 9). Plaintiff's counsel did not respond to the motion to dismiss until four months later (Doc. # 17, October 3, 2003). Plaintiff's Amended Complaint was filed that same date. It is also important to note that the award of attorneys fees sought relates **only** to time spent in preparation and completion of the Summary Judgment Motion. There is no evidence in this case that the defendant failed to seek summary judgment in a timely manner.

As the Court is well aware, the award of attorney's fees to defendant counsel is not taken lightly by the Court. See Christianburg Garment Co. v. EEOC, 434, U.S. 412, 422 (1978). It is not an everyday occurrence but as noted in defendant's main brief in support of its motion for attorney's fees, defendant's counsel cautioned plaintiff's

2

counsel by letter dated September 9, 2004 that the defendant would seek attorney's fees if she continued to pursue this matter. It was the plaintiff who continued to pursue the matter despite the overwhelming evidence that the matter was wholly frivolous. As evidenced by the Court's June 15, 2005 ruling, the instant matter did not have credible evidence to support her persistent allegations.

Plaintiff's reliance upon cases in the Sixth Circuit is simply a smokescreen to the obvious. Plaintiff's complaint was without merit when filed, and she was put on notice that the pursuit of her claim would necessitate the filing of a motion for attorney's fees. The defendant rests on its briefs and prays that the Court grant its motion for attorney's fees in its entirety.

DEFENDANT

BY: _____
Jane B. Emons
Assistant Attorney General
55 Elm Street, P. O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-Mail Address:
Jane.Emons@po.state.ct.us
Federal Bar No. ct16515

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Reply to Plaintiff's Opposition to Motion for Attorneys' Fees was mailed, first class postage prepaid this 17th day of August, 2005 to all counsel of record:

John R. Williams, Esq.
Williams & Associates, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

_____
Jane B. Emons
Assistant Attorney General