```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
PAULINE G. GREENE,              :     No. 3-03cv526(WWE)
        Plaintiff,              :
                                :
v.                              :
UNIVERSITY OF CONNECTICUT       :
HEALTH CENTER,                  :
        Defendant.              :
```

**RULING ON DEFENDANT'S MOTIONS FOR COSTS AND FOR ATTORNEY'S FEES**

In this action, plaintiff Pauline Greene claimed that the University of Connecticut Health Center ("UCHC") discriminated against her on the basis of her race and color in violation of Title VII, and on the basis of retaliation in violation of Title VII. This Court granted defendant's motion for summary judgment. Defendant now seeks reimbursement for costs and attorney's fees. For the following reasons, the motion for costs will be granted, and the motion for attorney's fees will be denied.

**Costs**

Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party may recover costs other than attorneys' fees, except when a countervailing statute exists, or the court orders otherwise. A court usually "grants costs to a prevailing party as a matter of course in the absence of countervailing statute or rule. . . ." <u>Cosgrove v. Sears, Roebuck & Co.</u>, 191 F.3d 98, 101 (2d Cir. 1999).

Defendant's bill of costs seeks reimbursement of $930 in court reporter costs relative to the plaintiff's deposition. The

Court finds that the costs sought are appropriate pursuant to 28 U.S.C. § 1920.  Accordingly, the motion for costs will be granted.

### **Title VII Attorney's Fees**

Title VII, 42 U.S.C. §2000e-5(k), provides that a district court may, in its discretion, award attorney's fees to a prevailing party.  The Supreme Court has held, however, that a Title VII defendant can only be considered a "prevailing party" for the purposes of an attorney's fees award if the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  Christianburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 421 (1977).  The mere fact that a plaintiff does not prevail is insufficient to establish that his or her case was "frivolous, unreasonable or without foundation."  Id.  The court should be hesitant to award such fees as such an award may chill prosecution of a legitimate civil rights suit.  American Federation of State, County and Mun. Employees, AFL-CIO (AFSCME) v. County of Nassau, 96 F.3d 644, 650 (2d Cir. 1996), cert. denied, 520 U.S. 1104 (1997).

Generally, a fee award to a prevailing defendant is unjustified where evidence is introduced that, if credited, would support a plaintiff's judgment.  LeBlanc-Sternberg v. Fletcher, 143 F.3d 765, 770 (2d Cir.1998).  In light of the equitable nature of fee awards, courts may take the relative wealth of the parties into

account.  Faraci v. Hickey-Freeman Co., Inc., 607 F.2d 1025, 1028 (2d Cir. 1979).

This Court granted entry of summary judgment in defendant's favor on plaintiff's disparate treatment claim.  No evidence supported her discrimination claim, and no opposition was posed to defendant's arguments for summary judgment on the retaliation claim.  Defendant's opposition to the motion for attorney's fees advances the same arguments that this court has already considered and rejected on the motion for summary judgment.

Plaintiff's case was extremely week.  However, this Court is reluctant to impose the sanction of a fee award against plaintiff, who is disabled, appears to be a person of modest means, and is already obligated to pay almost $1,000 in costs.  Plaintiff may well have had her expectations unduly raised due to a misunderstanding of the legal implications of the evidentiary record.  Accordingly, the motion for attorney's fees will be denied.

## Conclusion

Based on the foregoing, the motion for costs [#37] is GRANTED in the amount of $930, and the motion for attorney's fees [#38] is DENIED.

So Ordered this 7th day of October, 2005.

_____/s/_____
   WARREN W. EGINTON, SENIOR UNITED STATES DISTRICT JUDGE